**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

In re: )
) Case No. 17-17465-KHT
BADLANDS ENERGY, INC. et al.[1] )
EIN: 98-0204105, ) Chapter 11
)
      Debtors. )
_____)
)
DAVID V. WADSWORTH, ) Adversary Proceeding No. _____
Liquidating Trustee, )
)
           Plaintiff, )
)
v. )
)
JN TRUCKING, INC., )
)
         Defendant. )

**COMPLAINT**

David V. Wadsworth, the Liquidating Trustee (the "Trustee") under the Badlands Liquidating Trust Agreement dated as of November 26, 2018 (the "Liquidating Trust Agreement") for the bankruptcy estate of Badlands Energy, Inc. et al., (the "Debtor") by and through undersigned counsel, for his Complaint, states and alleges as follows:

**INTRODUCTION**

1. This is an adversary proceeding filed pursuant to sections 502, 547, and 550 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3007 and 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to (a) avoid certain transfers made by one or more of the Debtors during the period of time from May 11, 2017 through and including

[1] Substantively consolidated with Badlands Production Company, Case No. 17-17467 KHT, Badlands Energy-Utah, LLC, Case No. 17-17469 KHT, and Myton Oilfield Rentals, LLC, Case No. 17-17471 KHT.

August 11, 2017 (the "Preference Period"), (b) recover from the Defendant the amount of such transfers, plus interest where applicable, for the benefit of the creditors of the Debtors' estate, and (c) disallow the Defendant's claim(s) against the Debtors.

## PROCEDURAL BACKGROUND

2.      On August 11, 2017 (the "Petition Date"), the Debtor filed a petition for relief in this Court under Chapter 11 of the Bankruptcy Code.

3.      Also on the Petition Date, three affiliated entities Badlands Production Company, Badlands Energy-Utah, LCC, and Myton Oilfield Rentals, LLC (together with Badlands Energy, Inc. the "Debtors") also filed voluntary petitions under Chapter 11 of the Bankruptcy Code.

4.      On August 14, 2017, the Court entered orders in each of the four cases granting the Debtors' requests for joint administration under Case No. 17-17465-KHT.

5.      On August 15, 2018, the Court entered an order [Docket No. 511] confirming the Debtors' Second Amended Joint Plan of Liquidated dated April 6, 2018 (the "Plan") [Docket No. 501], which established the Badlands Liquidating Trust and appointed the Liquidating Trustee to administer the liquidating trust, and pursue avoidance actions and collect any other remaining assets for distribution.

6.      On November 26, 2018 (the "Effective Date"), all conditions to effectiveness of the Plan had been satisfied or waived, and the Debtors consummated the Plan.

7.      On the Effective Date, the Plan and the Liquidating Trust Agreement established the Trust for the benefit of unsecured creditors, and the Trust Assets (as defined in the Plan) were transferred to the Trust.

## PARTIES

8.      Plaintiff David V. Wadsworth is the sole Trustee of the trust created by the Badlands Liquidating Trust Agreement under the confirmed Debtors' Plan.

9.     Defendant JN Trucking, Inc. is a corporation organized under the laws of the State of Utah and located at 4091 West 3000 South, Roosevelt, UT 84066.

10.    As further alleged below, the Defendant transacted business with one or more of the Debtors prior to the Petition Date.

## JURISDICTION, VENUE, AND STANDING

11.    This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

12.    The statutory predicates for the relief sought herein are sections 502, 547, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Bankruptcy Rules.

13.    The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(a), (b) and (e) and the automatic referral of bankruptcy matters from the United States District Court for the District of Colorado under D.C. COLO. LCivR 84.1 and has retained such jurisdiction under Article X, Section 10.2(b) of the Plan "to determine any … adversary proceeding … commenced after the Confirmation Date; including, without limitation, any proceeding to recover a Cause of Action and Avoidance Actions."

14.    This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

15.    Venue in this district is proper under 28 U.S.C. § 1409.

16.    The Trustee has standing to pursue this action because (i) under Article 8, Section 8.16 of the Plan "the Trust Estate shall be vested on the Effective Date with and shall retain and may enforce any and all Avoidance Actions and Causes of Action that the Debtors or their Estates may hold or have against any entity…."; (ii) under Article 8, Section 8.6 of the Plan, the Trustee is "retained as the sole Trustee of the Trust for purposes of executing [the] Plan…."; and (iii) under Article 8, Section 8.8 of the Plan, the Trustee is "vested with standing to pursue any and all Causes

of Action, Avoidance Actions, and litigation claims to recover assets and money on behalf of the Trustee Estate…."

17.     Plaintiff consents to the entry of final orders and judgment by the Court regarding all causes of action in this adversary proceeding.

### FACTUAL BACKGROUND

18.     Prior to the Petition Date, the Debtors were a consolidated natural gas and petroleum exploration, development, and production company.

19.     The Debtors owned and operated leasehold interests in petroleum and natural gas producing properties in the Uintah Basin in northeastern Utah, primarily in Duchesne County and Uintah County. Through Badlands Production Company, the Debtors operated the "Riverbend" project. Through Badlands Energy-Utah, LLC, the Debtors operated the "South Altamont" project.

20.     The Trustee, with the assistance of his advisors, conducted a review of the payments made by the Debtors to the Defendant during the Preference Period, as set forth in the Debtors' schedules and their books and records.

21.     As a result of this review and investigation, the Trustee determined that the Defendant received payments totaling $254,701.74 from Badlands Production Company during the Preference Period (the "Transfers").

22.     The Transfers were made by the Debtors to or for the benefit of the Defendant in payment of certain invoices for goods or services provided by the Defendant to the Debtors.

### COUNT I
### (Avoidance and Recovery of Preferential Transfer—11 U.S.C. §§ 547 & 550)

23.     The Trustee incorporates by reference the allegations set forth in Paragraphs 1 through 22 hereof, as if fully stated herein.

24.     The Transfers were made by the Debtors to or for the benefit of the Defendant on or within 90 days before the Petition Date.

25.     Each of the Transfers constitutes a transfer of an interest of the Debtors in property.

26.     The Defendant was a creditor, within the meaning of section 101(10)(A) of the Bankruptcy Code, of one or more of the Debtors at the time of each of the Transfers.

27.     The Transfers were to or for the benefit of the Defendant, within the meaning of section 547(b)(1) of the Bankruptcy Code, because the Transfers either reduced or fully satisfied a debt then owed by one or more of the Debtors to the Defendant.

28.     The Transfers were made on account of antecedent debt owed by one or more of the Debtors to the Defendant before the Transfers were made.

29.     The Debtors were each insolvent throughout the Preference Period because the sum of its debts was greater than the fair value of its assets. Furthermore, the Debtors are presumed insolvent under section 547(f) of the Bankruptcy Code during the Preference Period.

30.     In receiving the Transfers, the Defendant received more than the Defendant would have received if: (a) one or more of the Debtors had filed its bankruptcy petition under Chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) the Defendant received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

31.     As a result of the foregoing, the Trustee is entitled to judgment pursuant to Bankruptcy Code §§ 547, 550(a), and 551: (a) avoiding and preserving the Transfers for the benefit of the Trust; (b) recovering the Transfers from the Defendant in the amount of $254,701.74 for the benefit of the Trust; and (c) recovering prejudgment and post-judgment interest, attorneys' fees and costs from the Defendant.

COUNT **II**
(Disallowance of Claims—11 U.S.C. § 502(d))

32.     The Trustee incorporates by reference the allegations set forth in Paragraphs 1 through 31 hereof, as if fully stated herein.

33.     Section 502(d) of the Bankruptcy Code provides that unless an entity or transferee receiving a payment that is avoidable under section 547 of the Bankruptcy Code has paid the amount for which such entity or transferee is liable under section 550 of the Bankruptcy Code, any claim of such entity or transferee shall be disallowed.

34.     On January 11, 2018, the Defendant filed proof of claim number thirty-two (#32) in Case No. 17-17465 KHT, asserting a general unsecured claim of $62,661.93 based on "services performed."

35.     The Defendant has not paid or surrendered the Transfers to the Trustee.

36.     Any claim(s) which the Defendant has filed in the Bankruptcy Cases must, therefore, be disallowed, including without limitation, Claim #32.

Wherefore, and without electing remedies, the Trustee respectfully requests that the Court enter judgment in his favor and against Defendant as follows: (a) avoiding the Transfers pursuant to 11 U.S.C. § 547(b); (b) authorizing, pursuant to 11 U.S.C. § 550(a), the recovery of the avoided Transfers or the value thereof from Defendant; (c) disallowing Defendant's claims pursuant to section 502(d) of the Bankruptcy Code; and (d) granting such other relief as is just and equitable.

Dated:    August 8, 2019                    **WADSWORTH GARBER WARNER CONRARDY, P.C.**

By   /s/ Aaron J. Conrardy
           Aaron J. Conrardy (40030)
2580 West Main Street
Suite 200
Littleton, CO 80120
T: (303) 296-1999
F: (303) 296-7600
E: aconrardy@wgwc-law.com

*Attorneys for the Liquidating Trustee*

**BALLARD SPAHR LLP**

Theodore J. Hartl (32409)
1225 17th Street
Suite 2300
Denver, CO 80202-5596
T: (303) 292-2400
F: (303) 296-3956
E: hartlt@ballardspahr.com

*Attorneys for the Liquidating Trustee*